UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

    - against -

MOISE CONCEPCION,
                    Defendant.

------------------------------------X

08 Cr. 796-01(RWS)

SENTENCING OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/09

**Sweet, D.J.**


On December 22, 2008, Moise Concepcion ("Concepcion" or "Defendant") pleaded guilty to one count of conspiracy to distribute and possess with an intent to distribute cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). For the reasons set forth below, Concepcion will be sentenced to 135 months' imprisonment and 5 years supervised release. Concepcion will also be required to pay a special assessment of $100.


**Prior Proceedings**


On August 15, 2008, Felony Information 08 CR 796-01 (RWS) was filed in the Southern District of New York. It charges that in July 2007, in the Southern District of New York

1

and elsewhere, Concepcion and others conspired to distribute and possessed with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. 812, 841(a)(1), and 841(b)(1)(A).

On December 22, 2008, the Defendant appeared before the Honorable Henry B. Pitman and entered a plea of guilty to the criminal charge in accordance with a plea agreement.

On March 27, 2009, the Court received a letter from the Defendant requesting a sentence that departed downward from the advisory Sentencing Guidelines (the "Guidelines") range of 135 to 168 months' imprisonment set forth in the Probation Department's Presentence Investigation Report ("PSR").

Defendant's sentencing is scheduled for April 6, 2009.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through

consideration of all of the factors identified in 18 U.S.C. §
3553(a), including the Guidelines established by the United
States Sentencing Commission.  Thus, the sentence to be imposed
here is the result of a consideration of:

    (1)  the nature and circumstances of the offense and
the history and characteristics of the defendant;

    (2)  the need for the sentence imposed --

        (A)  to reflect the seriousness of the offense,
to promote respect for the law, and to
provide just punishment for the offense;

        (B)  to afford adequate deterrence to criminal
conduct;

        (C)  to protect the public from further crimes of
the defendant; and

        (D)  to provide the defendant with needed
educational or vocational training, medical
care, or other correctional treatment in the
most effective manner;

    (3)  the kinds of sentences available;

    (4)  the kinds of sentence and the sentencing range
established for --

        (A)  the applicable category of offense committed
by the applicable category of defendant as
set forth in the guidelines ...;

    (5)  any pertinent policy statement ... [issued
by the Sentencing Commission];

    (6)  the need to avoid unwarranted sentence
disparities among defendants with similar
records who have been found guilty of
similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).   A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not.   See Crosby, 397 F.3d at 114-15.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 128 S. Ct 558, 571 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

**The Defendant**

The Court adopts the facts set forth in the PSR with respect to Concepcion's personal and family history.

**The Offense Conduct**

The following description draws from the PSR.   The

specific facts of the underlying conduct are adopted as set forth in that report.

On July 16, 2007, at approximately 8:00 p.m., a Drug Enforcement Agency ("DEA") confidential source (the "CS") met with two co-conspirators ("CC-1" and "CC-2") at a restaurant in the vicinity of 33-15 56th Street in Long Island City, NY. During the meeting, which was monitored by the DEA, CC-1 discussed with the CS that there was a shipment of cocaine in excess of 100 kilograms on its way to New York that CC-1 wanted to sell quickly. CC-1 asked the CS if the CS had a customer who was able to sell the cocaine, and the CS indicated that he did have a customer. In response, CC-1 told the CS that the CS would be given a car containing the cocaine, and that the CS should take 75 kilograms of cocaine and the remaining 70 kilograms of cocaine should be delivered to another customer. CC-1 and the CS then agreed to meet an hour and a half later at Bay Plaza, in Co-Op City, in the Bronx, NY, where CC-1 would provide the CS with the vehicle containing the cocaine.

Later that evening, about 9:30 p.m., the CS met with Concepcion, CC-1, and CC-2 at Bay Plaza. At this meeting, Concepcion informed CC-1, CC-2 and the CS that he had 145

kilograms of cocaine in a truck nearby, but that he was not able to provide a car to the CS to transport the cocaine. Concepcion further stated that the shipment of cocaine would have to be unloaded from his truck directly. The CS then informed Concepcion that he would unload the shipment from Concepcion's truck himself along with one or two others. Concepcion provided the CS with the directions to his truck, and told the CS to call him when he was at the truck. The CS drove toward the area of Concepcion's truck, but as he approached the truck, the CS received a phone call from Concepcion. Concepcion told the CS that he did not want to transfer the shipment to the CS because Concepcion believed that he was being followed. The CS and Concepcion then agreed that the CS would unload the shipment the next morning.

On July 17, 2007, at approximately 5:00 a.m., the CS called Concepcion and Concepcion told the CS to meet him in the vicinity of Mayflower and East Tremont Avenues in the Bronx. The CS, along with two DEA agents ("UC-1" and "UC-2"), met with Concepcion and Concepcion provided the CS with the keys to his truck. Concepcion also provided the CS with the location of the truck, and told the CS that the 145 kilograms of cocaine were packaged in four boxes and a black duffel bag, in the front part

of his truck.   The CS and Concepcion agreed that the CS, UC-1, and UC-2 would unload the cocaine, and leave the keys inside a cooler in the truck for Concepcion.   The CS, UC-1, and UC-2 then drove to Concepcion's truck, and unloaded the four boxes and the black duffel bag containing the 145 kilograms of cocaine.   The CS then called Concepcion to confirm that he had picked up the cocaine.

Following the drug transaction, the case agent reviewed phone records for the phone number that was given to the CS to contact Concepcion.   The records revealed that the subscriber of the number was Concepcion with an address in El Paso, TX.   The agent then used the subscriber information to obtain records from the Texas Department of Motor Vehicles, including a driver's license photo, of Concepcion.   In September 2007, the agent showed the driver's license photo to UC-1 and UC-2 and they identified Concepcion as the individual with whom they met on July 17, 2007, and who had the truck containing the cocaine.

Due to the ongoing investigation, Concepcion was not arrested until February 19, 2008, in the Western District of Texas.   He was transferred to the Southern District of New York

on March 16, 2008.

In a post-arrest statement, Concepcion advised the Government that the amount of cocaine that he had trafficked was more than 150 kilograms.

## The Relevant Statutory Provision

Pursuant to 21 U.S.C. § 841(b)(1)(A), the mandatory minimum term of imprisonment is 10 years, and the maximum term of imprisonment is life.

A term of at least five years supervised release is required if a sentence of imprisonment is imposed, pursuant to 21 U.S.C. § 841(b)(1)(A).

The Defendant is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute, pursuant to 18 U.S.C. § 3561(a)(2) and 21 U.S.C. § 841(b)(1)(A).

The maximum fine is $4,000,000, pursuant to 21 U.S.C. § 841(b)(1)(A).  A special assessment of $100 is mandatory,

pursuant to 18 U.SC. § 3013.

## The Guidelines

The November 1, 2008 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11(a).

The Guideline for the violation of 21 U.S.C. § 841(b)(1)(A) is found in § 2D1.1. Because the offense involved 150 kg or more of cocaine, the base offense level pursuant to § 2D1.1(c)(1) is 38.

Based on the information currently available to the Government, the Defendant appears to meet the criteria set forth in subdivisions (1)-(5) of § 5C1.2(a). Accordingly, a 2-level decrease is warranted pursuant to § 2D1.1(b)(11).

Because Concepcion has shown recognition of responsibility for the offense, has provided timely notification of his intention to plead guilty, allowing the Government to allocate its resources more efficiently, and since the offense level is 16 or greater, pursuant to § 3E1.1(a), the offense is

reduced three levels.

Accordingly, the applicable offense level is 33.

The Defendant has no known criminal convictions.
Therefore, the Defendant has zero criminal history points and a
Criminal History Category of I, pursuant to the table at Chapter
5, Part A of the Guidelines.

Based on a total offense level of 33 and a Criminal
History Category of I, the Guidelines range for imprisonment is
135 to 168 months.

The Guidelines range for a term of supervised release
is five years, the minimum required by statute, pursuant to §
5D1.2(c).   Application Note #2 of § 5D1.2 provides that a
defendant who qualifies under § 5C1.2 is not subject to any
statutory minimum sentence of supervised release.   The
Guidelines range for a term of supervised release is therefore
three to five years, pursuant to § 5D1.2(a)(1).   Supervised
release is required if the Court imposes a term of imprisonment
of more than one year or when required by statute, pursuant to §
5D1.1(a).

Because the instant offense is one for which probation has been expressly precluded by statute, the Defendant is not eligible for probation pursuant to § 5B1.1(b)(2).

The fine range for the instant offense is from $17,500 to $4,000,000 pursuant to §§ 5E1.2(c)(3)(A) and (c)(4)(A). Subject to the Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,076.83 to be used for imprisonment, a monthly cost of $301.80 for supervision, and a monthly cost of $1,905.92 for community confinement.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S.

11

220, and the Second Circuit's decision in <u>Crosby</u>, 397 F.3d 103.
Pursuant to all of the factors, imposition of a Guidelines
sentence is warranted.

**The Sentence**

For the instant offense, Concepcion will be sentenced
to 135 months imprisonment and a five-year term of supervised
release.

Concepcion is directed to report to the nearest United
States Probation Office within seventy-two hours of release from
custody to commence a three-year term of supervised release. It
is recommended that Concepcion be supervised by the district of
his residence.

As mandatory conditions of his supervised release,
Concepcion shall: (1) not commit another federal, state, or
local crime; (2) not illegally possess a controlled substance;
(3) not possess a firearm or destructive device; (4) refrain
from any unlawful use of a controlled substance, and shall
submit to one drug testing within fifteen (15) days of placement
on probation or supervised release and at least two unscheduled

drug tests thereafter, as directed by the probation officer; and (5) shall cooperate in the collection of DNA as directed by the probation officer.

Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special condition that Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found.  The search must be conducted at a reasonable time and in a reasonable manner.  Failure to submit to a search may be grounds for revocation.  Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived.  A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for April 6, 2009.


It is so ordered.

New York, NY
April 3 , 2009

ROBERT W. SWEET
U.S.D.J.